UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**AMBER FRALIX**                                                                                          **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 5:24-cv-146-BJB**

**COMMONWEALTH OF KENTUCKY CABINET**                 **DEFENDANTS**
**FOR HEALTH AND FAMILY SERVICES et al.**

### MEMORANDUM OPINION

Plaintiff, Amber Fralix, unrepresented by counsel, filed a civil rights Complaint under 42 U.S.C. §§ 1983 and 1985. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the Complaint (DN 1).[1] *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the following reasons, the Court dismisses this action.

### I. STATEMENT OF CLAIMS

The claims in this suit arise from the termination of Plaintiff's parental rights several years ago. She sues the Kentucky Cabinet for Health and Family Services; "Specially Appointed County Attorney" Casey Naber; Jennifer Camp, a "state-employed social worker within the Department for Community-Based Services (DCBS), responsible for managing child protection cases;" Circuit Court Clerk Tiffany Fralicx Griffith; Marshall County Sheriff's Office Clerk and Drug Screen Administrator Trista Lovett; Child Protective Services (CPS) Supervisor Alexia Pritchett; and Ensite, LLC, a drug testing company "performing drug testing services as part of a

---

[1] Plaintiff's original Complaint contained the names of her minor children. The Court directed Plaintiff to redact the minors' names. In response, Plaintiff filed two duplicate redacted Complaints, which the Clerk docketed both as Amended Complaints (DNs 8 and 9) and as a substitute for the original Complaint (DN 1). Since the redacted Complaint has replaced the original, the Court strikes DNs 8 and 9 as duplicative and reviews only DN 1.

state-mandated CPS process." DN 1, PageID #: 144, 155-57.

The incidents chronicled in the Complaint (which the Court accepts as true at this stage) began in August 2018, when CPS informed Plaintiff—then incarcerated—that CPS would remove her children from her custody due to alleged "substance abuse issues in the home." *Id*. at PageID #: 158. On August 17, 2018, she was "coerced into signing an unnecessary case plan, despite passing a hair follicle test conducted on August 10, 2018," by social worker Camp and CPS Supervisor Pritchett. *Id*. Over the next seventeen or so months, Plaintiff reported several incidents involving what she viewed as the neglect and abuse of her children in the foster home. Yet the children remained in foster care, and "CPS failed to investigate the foster care environment." *Id*. at PageID #: 160-62.

CPS procedure, according to Plaintiff, mandated that she participate in drug testing regardless of "reasonable suspicion or probable cause." *Id*. at PageID #: 153. Ensite conducted those tests. Because Ensite "is not HHS-certified," she maintains, "the test results [were] unreliable and inappropriate as a basis for CPS action." *Id*. at PageID #: 162. She "received [her] first failed drug test from Ensite, LLC" on February 5, 2019. *Id*. at PageID #: 159. In May 2019, an Ensite hair follicle test performed on Plaintiff's hair was positive for drugs, and CPS began pursuing termination of Plaintiff's parental rights. *Id*. at PageID #: 160. In July 2020, Ensite performed another hair follicle test, which Plaintiff failed. *Id*. at PageID #: 162.

Plaintiff states that before a scheduled court hearing on August 15, 2020, her attorney contacted her, explaining that the county attorney had stated that if Plaintiff voluntarily terminated her parental rights with respect to her older children in foster care, the county attorney would not "fast-track termination for [her] youngest." *Id*. at PageID #: 162-63. Plaintiff considered the county attorney's statement to be a threat. *Id*. at PageID #: 163.

The Complaint lists § 1983 claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses, the First Amendment, and the Fourth Amendment. It also asserts § 1985 claims of conspiracy to violate Plaintiff's civil rights based on Defendants' actions and omissions. *Id*. at PageID #: 152-54.

Plaintiff details emotional and psychological distress she has suffered "[d]ue to the wrongful removal of my children." *Id*. at PageID #: 170. She also asserts that the removal harmed her bonds with her children and her reputation. *Id*. at PageID #: 171-72. She asks for compensatory and punitive damages, injunctive relief, attorney fees and costs, and "any other relief the Court deems just and appropriate." *Id*. at PageID #: 175-76.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore*, 114 F.3d at 608-09. A case must be dismissed if it is "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Actions under §§ 1983 and 1985 must be filed within the applicable limitations period for personal-injury tort actions in the state where the cause of action originated[.]" *Brown v. George*, No. 23-1584, 2023 WL 9023359, at *2 (6th Cir. Dec. 14, 2023). In Kentucky, the limitations period for § 1983 and § 1985 claims is the one-year period set forth in Ky. Rev. Stat. § 413.140(1)(a) and (c). *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 973-74 (E.D. Ky. 2018) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990), and

*Bedford v. Univ. of Louisville Sch. of Med.*, 887 F.2d 1086, 1086 (6th Cir. 1989)).

"Although state law provides the statute of limitations to be applied[,] federal law governs the question of when that limitations period begins to run." *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). It begins when the plaintiff knew or should have known of the injury forming the basis of the claim. *See Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 F. App'x 830, 833–34 (6th Cir. 2016) (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)); *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 273 (6th Cir. 2001) (discussing timeliness of claims brought under § 1983 and § 1985).

Here, Plaintiff filed her Complaint on September 8, 2024. The latest date of the events giving rise to Plaintiff's claims is August 15, 2020. DN 1, PageID #: 162, 169. It is clear from the Complaint that she knew or should have known of her alleged injuries on or before August 15, 2020. Thus, even on her own telling, her claims accrued more than four years before she initiated this litigation. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[A]ccrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief.") (internal quotation marks, brackets, and citations omitted). The Court, therefore, dismisses her claims for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. at 215 ("[I]f the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

## III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this case.

Date: January 19, 2025

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
B213.009